# EXHIBIT A

DUPLICATE COPY

BRANCH/AGENCY 76G 605

# MetLife

MetLife Insurance Company USA

**POLICY NUMBER:** 215 012 366 UT

**INSURED:** DOUGLAS T SCHMIDT

## LIFE POLICY

### Participating

This is a level premium whole life insurance policy. Premiums are payable for a specified period. If the Insured dies while the Policy is in force, we will pay the Policy Proceeds to the Beneficiary. We must receive proof of the Insured's death. Any payment will be subject to all of the provisions of the Policy.

## RIGHT TO EXAMINE POLICY

**Please read the Policy. You may return the Policy to us or to our representative through whom it was purchased within 10 days from the date you receive it. If you return it within this period, we will refund any premium paid and the Policy will be void from the start.**

The Policy is a legal contract between the Owner and MetLife Insurance Company USA. PLEASE READ YOUR CONTRACT CAREFULLY.

Signed for the Company at its Main Administrative Office, Warwick, RI 02887

President                    Secretary

1

5E-12-10-TX

## ALPHABETIC GUIDE TO YOUR CONTRACT

Section

| Section | |
|---|---|
| 8 | Addition of Riders |
| 4 | Adjustable Loan Interest |
| 1 | Application |
| 9 | Assignments |
| 1 | Attained Age |
| 2 | Attained Age 120 Options |
| 5 | Automatic Premium Loan |
| 3 | Basis of Computation |
| 9 | Beneficiary |
| 3 | Cash Surrender Value |
| 3 | Cash Value |
| 8 | Change in Risk Classification |
| 9 | Change of Owner or Beneficiary |
| 7 | Choice of Dividend Option |
| 6 | Choice of Lapse Option |
| 10 | Choice of Payment Options; Option Date |
| 8 | Claims of Creditors |
| 8 | Contract |
| 10 | Death of Payee |
| 1 | Definitions |
| 1 | Designated Office |
| 9 | Designation of Owner and Beneficiary |
| 7 | Dividends |
| 7 | Dividend at Death |
| 7 | Dividend Options |
| 1 | Excess Loan |
| 6 | Extended Term Insurance Option |
| 3 | Fully Paid-Up |
| 8 | General Provisions |
| 5 | Grace Period |
| 8 | Illustration of Benefits |
| 8 | Incontestability |
| 1 | Insured |
| 1 | In Writing |
| 1 | Issue Age |

Section

| Section | |
|---|---|
| 1 | Issue Date |
| 11, 12 | Joint and Survivor Life Income |
| 6 | Lapse of Policy |
| 6 | Lapse Options |
| 10 | Life Income Options |
| 12 | Life Income Tables |
| 10 | Limitations |
| 4 | Loans |
| 4 | Loan and Loan Interest Repayments |
| 12 | Minimum Payments under Payment Options |
| 8 | Misstatement of Age or Sex |
| 6 | Nonpayment of Premiums |
| 11 | Other Frequencies and Options |
| 9 | Owner |
| 10 | Payee |
| 10 | Payment |
| 10 | Payment of Policy Benefits |
| 5 | Payment of Premiums |
| 11 | Payment Options |
| 9 | Persons with an Interest in the Policy |
| 2 | Policy Benefits |
| 1 | Policy Date |
| 1 | Policy Loan Balance |
| 2 | Policy Proceeds |
| 1 | Premiums |
| 6 | Reduced Paid-Up Insurance Option |
| 6 | Reinstatement |
| 11, 12 | Single Life Income |
| 11, 12 | Single Life Income – 10 Year Guaranteed Payment Period |
| 8 | Statements in Application |
| 8 | Suicide Exclusion |
| 3 | Surrender |
| 1 | We, Us and Our |
| 1 | You and Your |

Additional Benefit Riders, Modifications and Amendments, if any, and copies of the Application follow the final section.

## POLICY SPECIFICATIONS

| | |
|---|---|
| **Insured** | DOUGLAS T SCHMIDT |
| **Policy Number** | 215 012 366 UT |
| **Policy Date** | FEBRUARY 10, 2015 |
| **Issue Date** | FEBRUARY 5, 2015 |
| **Issue Age of Insured** | 60 |
| **Sex** | MALE |
| **Maximum Fee for Illustration of Benefits** | $25 |

### Benefits - As specified in Policy and in any rider

**Schedule of Benefits and Premiums**

| Benefit | Face Amount/ Benefit Amount | Annual Premium | Years Payable | Risk Classification |
|---|---|---|---|---|
| WHOLE LIFE PAID UP AT 100 | $2,000,000 | $80,650.00 * | 40 | PREFERRED NONSMOKER |

**Total Premium Due On Policy Date:**

| | |
|---|---|
| **Annual** | $80,650.00 * |

*A $50.00 annual Policy Fee is reflected in these amounts.

(Sex-Distinct Basis)

## TABLE OF GUARANTEED VALUES

| | | | |
|---|---|---|---|
| **Insured:** | DOUGLAS T SCHMIDT | **Policy Number:** | 215 012 366 UT |
| **Policy Date:** | FEBRUARY 10, 2015 | **Nonforfeiture Interest Rate:** | 4.0% |
| **Mortality Table:** | 2001 CSO MORTALITY TABLE FOR A MALE NONSMOKER, AGE NEAREST BIRTHDAY | | |

| End of Policy Year | Cash Value | Reduced Paid-Up Insurance | Extended Term Insurance Years | Days |
|---|---|---|---|---|
| 1 | $ 4,000.00 | $ 8,308.00 | 0 | 76 |
| 2 | 8,000.00 | 16,143.00 | 0 | 134 |
| 3 | 64,000.00 | 125,560.00 | 2 | 181 |
| 4 | 120,000.00 | 229,052.00 | 4 | 35 |
| 5 | 176,000.00 | 327,053.00 | 5 | 141 |
| 6 | 234,000.00 | 423,584.00 | 6 | 170 |
| 7 | 290,000.00 | 511,627.00 | 7 | 88 |
| 8 | 348,000.00 | 598,607.00 | 7 | 318 |
| 9 | 406,000.00 | 681,186.00 | 8 | 128 |
| 10 | 464,000.00 | 759,573.00 | 8 | 255 |
| 11 | 524,000.00 | 837,315.00 | 8 | 352 |
| 12 | 582,000.00 | 908,226.00 | 9 | 37 |
| 13 | 642,000.00 | 979,137.00 | 9 | 74 |
| 14 | 700,000.00 | 1,044,107.00 | 9 | 83 |
| 15 | 758,000.00 | 1,106,392.00 | 9 | 76 |
| 16 | 816,000.00 | 1,166,215.00 | 9 | 55 |
| 17 | 872,000.00 | 1,220,947.00 | 9 | 13 |
| 18 | 930,000.00 | 1,276,561.00 | 8 | 338 |
| 19 | 984,000.00 | 1,325,146.00 | 8 | 278 |
| 20 | 1,038,000.00 | 1,372,617.00 | 8 | 216 |

On request, we will provide values for dates not shown.

4

## 1. DEFINITIONS

| | |
|---|---|
| **Application** | The application(s) for: the Policy; any riders that are made a part of the Policy; any Policy changes; and any changes, amendments, and supplements.  A copy of the Application is attached to the Policy. |
| **Attained Age** | The Issue Age plus the number of completed policy years. This includes any period during which the Policy was lapsed. |
| **Designated Office** | Our Main Administrative Office or any other office we designate. |
| **Excess Loan** | An Excess Loan occurs when the Policy Loan Balance exceeds: the Cash Value of the Policy; plus the Cash Value of any Paid-Up Additions; plus any Dividend Accumulations; plus the Cash Value of any other rider attached to the Policy. |
| **In Writing** | In a written form satisfactory to Us and received at our Designated Office. |
| **Insured** | The person whose life is insured under the Policy. The name of the Insured is shown on the Policy Specifications page. |
| **Issue Age** | The age of the Insured as of his or her birthday nearest to the Policy Date. The Issue Age is shown on the Policy Specifications page. |
| **Issue Date** | The Issue Date is shown on the Policy Specifications page.  It is the date from which the contestable and suicide periods for the coverage are measured. |
| **Policy Date** | Policy years, months and anniversaries are all measured from the Policy Date. The Policy Date is shown on the Policy Specifications page. |
| **Policy Loan Balance** | The Policy Loan Balance at any time equals the outstanding Loans plus Loan Interest accrued to date. |
| **Premiums** | Premiums are your payments to us. If you pay premiums on an annual mode, the due date is your policy anniversary each year.  If you pay premiums on other than an annual mode, the due date is the policy anniversary and each semi-annual, quarterly or monthly anniversary as applicable. |
| **We, Us and Our** | MetLife Insurance Company USA |
| **You and Your** | The Owner of the Policy. |
| | In the Application the words "you" and "your" refer to the proposed insured person(s). |

## 2. POLICY BENEFITS

**Policy Proceeds**

The Policy Proceeds are equal to:

1.  The Face Amount; plus
2.  Any insurance on the life of the Insured provided by a rider; plus
3.  Any Paid-Up Additions; plus
4.  Any Dividend Accumulations; plus
5.  Any dividend we credit at death; plus
6.  Any part of a premium paid for coverage beyond the date of death; less
7.  Any premium due to the date of death; less
8.  Any Policy Loan Balance.

In no event will the amount payable upon the death of the Insured be less than the minimum amount required to permit the Policy to qualify as life insurance under the Federal income tax rules in effect on the Issue Date of the Policy.

**Attained Age 120 Options**

When the Insured reaches Attained Age 120, you may choose one of the following:

1.  Terminate the Policy and receive the Cash Surrender Value; or
2.  Continue the Policy until the Insured's death. We will hold the Cash Surrender Value at ½% interest. The Death Benefit of the Policy will equal 101% of the Policy's Cash Value on the date of the Insured's death, unless the Internal Revenue Code requires the Death Benefit to be based on a larger percentage.

If the Policy is in force on or after the Insured's Attained Age 120: loans may be taken; and loan repayments and surrenders may be made. No payments can be made on any rider attached to the Policy.

The Policy could lapse after the Insured has reached Attained Age 120 if there is an Excess Loan. (See the Loan and Loan Interest Repayments provision.)

**Please note: The Policy may not qualify as a life insurance contract under the Internal Revenue Code on or after the Insured has reached Attained Age 120 and may be subject to tax consequences. Please consult a tax advisor prior to continuing the Policy beyond the date the Insured has reached Attained Age 120.**

## 3. CASH VALUES

**Cash Value**

The Table of Guaranteed Values shows the Guaranteed Cash Value of the Policy at various dates. The Cash Values shown assume: that all premiums due have been paid; that no dividends or Paid-Up Additions have been credited to the Policy; no changes have been made to the Policy; and that there is no Policy Loan Balance. The Cash Value of the Policy is not increased by the Cash Value of any rider, unless otherwise stated in the rider.

The Cash Value of any Reduced Paid-Up Insurance (including Paid-Up Additions) or any Extended Term Insurance is equal to the net single premium which would be required to provide the insurance at the age of the Insured on the date of the valuation.

For 31 days after each policy anniversary, the Cash Value will not be less than it was on the anniversary.

**Cash Surrender Value**

The Cash Surrender Value of the Policy is equal to:

1.    The Cash Value of the Policy; plus

2.    The Cash Value of any Paid-Up Additions purchased by policy dividends; plus

3.    Any Dividend Accumulations; plus

4.    The Cash Value of any rider attached to the Policy; less

5.    Any Policy Loan Balance.

**Surrender**

You may surrender the Policy for its Cash Surrender Value during the lifetime of the Insured. We will determine the Cash Surrender Value as of the date we receive your request In Writing. You may choose to apply all or part of the proceeds to a Payment Option.  The portion of the Cash Surrender Value not applied to a Payment Option will be paid to you in one sum or placed into an account that earns interest. (See Payment Options provision.)  Unless otherwise stated in the rider, any part of a premium paid for coverage beyond the date you surrender the Policy will be refunded to you. (See Payment provision.) The Policy will terminate on the date of surrender.

If you surrender the Policy within 31 days after the policy anniversary date, the Cash Surrender Value of the Policy will not be less than the Cash Surrender Value on that anniversary date, adjusted for any Loans or any Cash Value paid to you during the 31-day period.

If premiums have been paid for at least three full policy years and you surrender the Policy within 60 days of the due date of a premium in default, the Cash Surrender Value of your Policy will not be less than the Cash Surrender Value of your Policy on the date of default, adjusted for any Loans or any Cash Value paid to you during that 60-day period.

We may defer payment of the Cash Surrender Value for up to six months. If we defer payment for 30 days or more, we will pay interest, if required by law, at a rate at least equal to the minimum required by the state governing the Policy.

**Basis of Computation**

Cash values, reserves and net single premiums are based on the mortality table and the Nonforfeiture Interest Rate as shown on the Table of Guaranteed Values page. The values in the Table are computed according to the standard nonforfeiture law for life insurance, using the guaranteed interest rate and mortality table specified on the Table of Values page. Values not shown in the Table are computed by the same method. Values as of a date between policy anniversaries are computed taking into account the elapsed time and any premiums paid since the last anniversary.

All values are at least equal to those required by the law of the state that governs the Policy. We have filed a detailed statement, if required, showing the method of calculating cash values and reserves with the insurance supervisory official of that state.

**Fully Paid-Up**

You can choose In Writing to have the Policy changed to a fully Paid-Up policy, with no further premiums due, when premiums are paid to the current date and the cost of the Paid-Up Insurance for the Face Amount equals or is less than:

1. The Cash Value of the Policy; plus

2. The Cash Value of any riders attached to the Policy; plus

3. The Cash Value of dividend values.

The cost of Paid-Up Insurance is calculated using the net single premium for the Paid-Up Insurance at the age of the Insured on the date the Policy is changed to a fully Paid-Up policy. The Paid-Up Additions plus any dividend values will terminate to the extent their Cash Value is used for the cost of changing the Policy to a fully Paid-Up policy.   Any Policy Loan will continue in force.  The following will terminate on the date of the change:

1. The right to make payments into: any Flexible Additional Insurance rider; or any Option to Purchase Additional Insurance rider; and

2. All riders, except for any Flexible Additional Insurance rider and any Option to Purchase Additional Insurance rider.

5E-12-10-TX                                   8

## 4. LOANS

**Loans**

Unless the Policy is in force as Extended Term Insurance, you may borrow the Loan Value (defined below) of the Policy by making a request In Writing. You may request that policy Loans be charged automatically against the Policy to pay premiums. (See Automatic Premium Loan provision.)

The Loan Value on the date the Loan is made is:

1.    The Cash Surrender Value at the end of the current year; less

2.    Loan Interest to the next policy anniversary; less

3.    Any unpaid premiums for that year.

The Policy will be the sole security for such Loan. After receipt of your Loan request, we have the right to defer making a Loan for up to six months, except for a loan to pay premiums to us.

**Adjustable Loan Interest**

Loan Interest will be charged on Loans and will accrue daily at a rate we set from time to time. The rate will never be more than the maximum permitted by law. We will not change this rate more than once a year. Any change will be effective on the policy anniversary.

Loan Interest is due each year on the policy anniversary. If the Loan Interest is not paid when it is due, we will add it to your existing Policy Loan.

The rate of interest we set for a policy year may not exceed a maximum limit which is the greater of:

1.    The Published Monthly Average for the calendar month ending two policy months before the beginning of the policy month in which the policy anniversary falls; and

2.    The Minimum Cash Value Guaranteed Interest Rate plus no greater than 1.0%.

The Published Monthly Average means:

1.    The Moody's Corporate Bond Yield Average-Monthly Average Corporates, as published by Moody's Investors Service, Inc. or any successor to that service; and

2.    If that average is no longer published, a substantially similar average, established by regulation issued by the insurance supervisory official of the state which governs the Policy.

If the maximum limit for a policy year is at least ½% greater than the rate set for the previous policy year, we may increase the rate to no more than that limit. If the maximum limit for a policy year is at least ½% less than the rate set for the previous policy year, we will reduce the rate to at least that limit.

We will tell you the current loan interest rate when a loan is made. Also, we will mail you an advance notice if there is to be a change in the loan interest rate applicable to any existing Policy Loan Balance.

**Loan and Loan Interest Repayments**

Any payment we receive will be applied as a premium payment unless it is clearly marked as a Loan or Loan interest repayment. Any loan repayment must be at least $50 unless you are paying the entire Policy Loan Balance. You may repay the Policy Loan Balance in whole or in part at any time before the death of the Insured while the Policy is in force.

Unpaid Loan and Loan Interest will be deducted from the Policy Proceeds and the Cash Surrender Value of the Policy.

If there is an Excess Loan, we will send a notice to your last known address and that of any assignee of record.  We will allow you a Grace Period for payment of the excess due.  If the excess due remains unpaid at the end of the Grace Period, the Policy will lapse without value. The Grace Period will expire 31 days from the date the notice is sent.

If Loan Interest is not paid when it is due, we will add it to your existing Policy Loan.

## 5. PREMIUMS AND GRACE PERIOD

**Payment of Premiums**

Your first premium is due as of the Policy Date. While the Insured is living, premiums after the first premium must be paid at our Designated Office. A premium receipt, signed by an officer of the Company, will be furnished upon request. The Policy is not in force until the first premium is paid, even if you are in possession of the Policy. It will be considered that you have the Policy for inspection only.

Premiums for the Policy are shown on the Policy Specifications page. No payment is due or payable for any period after the death of the Insured.

Payment can be made at any premium mode we make available. A change in premium mode will be processed on the paid-to-date on or following the date we approve your request to change the mode.

You may request to pay premiums with: yearly dividends (see the Dividend Options provision); the cash value of any Paid-Up Additions; any Dividend Accumulations; or any combination thereof.

**Grace Period**

There is a Grace Period of 31 days in which to pay a premium, without interest, after its due date. The insurance remains in force during the Grace Period.

**Automatic Premium Loan**

If the automatic premium loan option has been selected, when a premium is not paid by the end of its Grace Period, that premium will be paid automatically to the next due date by using any available Loan Value of the Policy. The automatic premium loan will be effective on the last day of the Grace Period for that premium. If the available Loan Value is not sufficient to pay a premium to the next due date, no premium will be paid and the Policy will lapse. You may cancel this option at any time by asking In Writing. Your request to cancel will apply as of the date we receive it.

The amount of the premium paid by this option is the current amount due, including any premiums due under all riders, excluding any Option to Purchase Additional Insurance Rider attached to the Policy or any Flexible Additional Insurance Rider that consists solely of Paid-Up Additions.

5E-12-10-TX

## 6. NONPAYMENT OF PREMIUMS

**Lapse of Policy**

Any premium that is not paid by its due date is in default. If it remains unpaid at the end of its Grace Period and is not paid automatically under the Automatic Premium Loan described in the Premiums and Grace Period Section, the Policy will lapse as of the due date of the premium in default.

**Lapse Options**

If the Policy lapses because a premium is not paid, any Cash Surrender Value of the Policy will be used to continue the Policy in force either as Extended Term Insurance or Reduced Paid-Up Insurance as stated below. Any riders will terminate unless otherwise stated in the rider. Any Dividend Accumulations, Paid-Up Additions and Policy Loan reflected in the lapse option will terminate when the Cash Surrender Value is used for this purpose.

**Choice of Lapse Option**

The use of the Extended Term Insurance Option will be automatic unless you choose the Reduced Paid-Up Insurance Option. You can make or change your choice at any time In Writing, but not later than 90 days after the due date of the premium in default.

Regardless of your choice of lapse option:

1.  If the Cash Surrender Value will provide an amount of Reduced Paid-Up Insurance equal to or greater than the amount of Extended Term Insurance, the Reduced Paid-Up Insurance Option will be used; however,

2.  If the amount of Reduced Paid-Up Insurance that would be provided by the Cash Surrender Value would be less than $500, the Extended Term Insurance Option will be used.

**Extended Term Insurance Option**

Extended Term Insurance is life insurance for a limited term with no further premiums due. It has decreasing cash value but no loan value. It does not share in dividends. The amount of Extended Term Insurance is payable only if the Insured dies prior to the end of the term. At the end of the term, the Policy will be void.

Extended Term Insurance will be measured from the due date of the premium in default. We compute the length of Extended Term Insurance provided by using the Cash Surrender Value of the Policy to purchase a term insurance benefit. The amount of Extended Term Insurance will equal: the Face Amount of the Policy; plus any insurance on the life of the Insured provided by a rider, if specified in the rider; plus the amount of any Paid-Up Additions purchased by policy dividends on the Policy; plus the amount of any Dividend Accumulations; and less any Policy Loan Balance on the due date of the premium in default. Any Loan or cash paid to you during the Grace Period will not be included in the Cash Surrender Value applied. The Table of Guaranteed Values shows the length of the term that the Cash Value could provide.

**Reduced Paid-Up Insurance Option**

Reduced Paid-Up Insurance is permanent life insurance with no further premiums due. It has increasing cash value and loan value and shares in dividends. The amount of Reduced Paid-Up Insurance is payable at the death of the Insured.

The amount of Reduced Paid-Up Insurance will be provided by using the Cash Surrender Value of the Policy as a net single premium at the age of the Insured on the due date of the premium in default to purchase an amount of Reduced Paid-Up Insurance. The Table of Guaranteed Values shows the amount of Reduced Paid-Up Insurance which the Guaranteed Cash Value could provide.

**Reinstatement**     Prior to the Insured's Attained Age 120, if the Policy has not been surrendered, you may reinstate your lapsed Policy within three years after the date of lapse, or later if we consent. To reinstate, you must submit a request In Writing and the following:

1.   Proof satisfactory to us that the Insured is insurable by our standards.

2.   Payment, while the Insured is living, of each unpaid premium, plus interest at the rate of 6% per year compounded yearly.

3.   Payment or reinstatement of any Policy Loan Balance on the due date of the premium in default, plus interest from that date to the date of reinstatement of the Policy at the Adjustable Loan Interest Rate(s) per year compounded yearly.

The Insured must be alive on the date we approve the request for reinstatement. If the Insured is not alive, such approval is void.

Any Loan Value that would be available after reinstatement may be used toward the payment required to make reinstatement.

Policy Loans may have been made while the Policy was in force as Reduced Paid-Up Insurance.  If the Loans are not repaid, they will continue in force after the Policy is reinstated.

Upon reinstatement the Policy will be credited with any additional dividends which would have been credited if the Policy had not lapsed. Any Paid-Up Additions and Dividend Accumulations at the time of lapse will also be reinstated.

Riders can be reinstated only as stated in the rider or with our consent.

## 7. DIVIDENDS

**Dividends**

The Policy is eligible to share in our divisible surplus. We will determine the share, if any, for the Policy each year and credit it as a dividend. The Policy will not share in dividends while it is in force as Extended Term Insurance. The dividend date will be the anniversary date each year.

**Dividend Options**

You can choose to have dividends applied under any one of the following Options:

1.    Paid-Up Additions;

2.    Dividend Accumulations;

3.    Reduction of Premiums;

4.    Payment of Loans;

5.    Payment of Loan Interest; or

6.    Cash.

Under the Paid-Up Additions Option, each dividend will be used as a net single premium at the Insured's Attained Age on the dividend date to provide additional paid-up insurance. Paid-up insurance is permanent life insurance with no further premiums due. It has increasing cash values and loan values and shares in dividends. You may withdraw the cash value of your paid-up insurance at any time.

Under the Dividend Accumulations Option, we will hold the dividends at interest at the rate we set from time to time. You can withdraw the Dividend Accumulations in cash at any time.

Under the Reduction of Premiums Option, each dividend will be used to pay premiums. Any excess will be used to buy Paid-Up Additions unless you choose otherwise. If the dividend is not sufficient to pay the entire premium, the difference will be payable by you.

Under the Payment of Loans Option, each dividend will be applied toward the payment of any Loan. Any excess will be used to buy Paid-Up Additions unless you choose otherwise. If the dividend is not sufficient to pay the entire Loan, the balance will be payable by you.

Under the Payment of Loan Interest Option, each dividend will be applied toward the payment of Loan Interest. Any excess will be used to buy Paid-Up Additions unless you choose otherwise. If the dividend is not sufficient to pay the entire Loan Interest, the balance will be payable by you.

Under the Cash Option, each dividend will be paid to you by check.

**Choice of Dividend Option**

You may choose the Dividend Option on the Application or In Writing at a later date. You can change the Dividend Option from time to time by notice to us In Writing. A change in Dividend Option will take effect on the policy anniversary following our receipt of your request to make the change.  If no choice has been made, we will provide Paid-Up Additions.  If a dividend check has not been cashed within one year, a choice of Paid-Up Additions will be deemed to have been made.

**Dividend at Death**

A pro rata portion of the dividend, if any, for the year in which the Insured dies will be added to the Policy Proceeds.

## 8. GENERAL PROVISIONS

**The Contract**

We have issued the Policy in consideration of the Application and payment of premiums. The Policy, the Application, any riders, and any endorsements comprise the entire contract and are made a part of the Policy when the insurance applied for is accepted. The Policy may be changed by mutual agreement. Any change must be in writing and approved by our President, Vice President or Secretary. Our representatives have no authority to alter or change any terms, conditions, or agreements of the Policy, or to waive any of its provisions.

If we make any payment or any policy changes in good faith, relying on our records or evidence supplied to us, our duty will be fully discharged.  We reserve the right to correct any errors in the Policy.

**Statements in Application**

All statements made by the Insured or on his or her behalf, or by the applicant, will be deemed representations and not warranties.  Material misstatements will not be used to void the Policy or any rider or to deny a claim unless made in the Application for the Policy or a rider.

**Claims of Creditors**

To the extent permitted by law, neither the Policy nor any payment under it will be subject to the claim of creditors or to any legal process.

**Misstatement of Age or Sex**

If we determine while the Insured is still alive that there was a misstatement of age or sex reflected in the Policy, the policy values will be recalculated from the Policy Date based on the correct information.

If we determine after the Insured's death that there was a misstatement of age or sex reflected in the Policy, the values and benefits will be the amounts that the premiums paid would have purchased for the correct age and sex.

**Incontestability**

We cannot contest the coverage with regard to material misstatements made concerning such coverage after the Policy has been in force during the lifetime of the Insured for two years from its Issue Date. This provision will not apply to any rider that contains its own incontestability clause.

If the Policy was issued as the result of the exercise of an option given in another policy and proof of insurability was not required, the contestable period applicable to the coverage resulting from the option exercise will end at the same time as it would have under the original policy.

**Suicide Exclusion**

If the Insured dies by suicide, while sane or insane, within two years from the Issue Date, the amount payable will be limited to: the amount of premiums paid (without interest) or the reserve if greater and required by state law; less any Policy Loan Balance on the date of death; less any dividends paid in cash or used to reduce premiums and less any Paid-Up Additions or Dividend Accumulations withdrawn or surrendered.

If the Policy was issued as the result of the exercise of an option given in another policy and proof of insurability was not required, the suicide period applicable to the coverage resulting from the option exercise will end at the same time as it would have under the original policy.

**Change in Risk Classification**

You may apply for a better risk class by making a request In Writing to the Company. Proof of insurability will be required. If we approve your request, the change will become effective on the policy anniversary on or next following our approval of your request.

**Illustration of Benefits**

You may ask us in Writing for an illustration of benefits.  We may charge a small fee for any requested illustration after the first in each policy year.  This fee will not exceed the Maximum Fee for Illustration of Benefits shown on the Policy Specifications page.

**Addition of Riders**

You may request In Writing that we add a rider to the Policy. Proof of insurability may be required. If we approve your request, the addition of the rider will become effective on the policy anniversary on or next following our approval.

## 9. PERSONS WITH AN INTEREST IN THE POLICY

**Owner**

The Owner of the Policy is named in the Application but the Owner can be changed before the death of the Insured. The new Owner will succeed to all rights of the Owner, including the right to make a further change of Owner. If there is more than one Owner, all Owners must exercise the rights of ownership by joint action. Ownership may be changed in accordance with the Change of Owner or Beneficiary provision.

The Owner may be the Insured or someone else, and may be a person, a partnership, a corporation, a fiduciary or any other legal entity. At the death of the Owner, his or her estate will be the Owner, unless a successor Owner has been named. The rights of the Owner will end at the death of the Insured.

**Beneficiary**

The Beneficiary is the person or entity named to receive the Policy Proceeds. The initial Beneficiary is named in the Application. You may change the Beneficiary before the death of the Insured; however, an irrevocable Beneficiary cannot be changed without his or her consent. The Beneficiary can be a person, a corporation, a partnership, a fiduciary or any other legal entity. A person must survive the Insured to qualify as Beneficiary. If no Beneficiary survives, the proceeds will be paid to the Owner.

Any payment we make will terminate our liability with respect to such payment.

**Change of Owner or Beneficiary**

During the Insured's lifetime you may change the Owner and Beneficiary designations, subject to any restrictions as stated in the Owner and Beneficiary provisions. You must make the change in Writing. Once it is recorded, the change will take effect as of the date you signed the request, whether or not the Insured is living when we receive your request. The change will be subject to any assignment of the Policy or other legal restrictions. It will also be subject to any payment we made or action we took before we recorded the change. A change of Owner will void any prior Beneficiary designation.

**Assignments**

A collateral assignment of the Policy by you is not a change of Owner or Beneficiary; but their rights will be subject to the terms of the assignment. Assignments will be subject to all payments made and actions taken by us before a signed copy of the assignment form is recorded by us at our Designated Office. We will not be responsible for determining whether or not an assignment is valid.

**Designation of Owner and Beneficiary**

A numbered sequence can be used to name successive Owners or Beneficiaries. Co-beneficiaries will receive equal shares unless otherwise stated.

In naming Owners or Beneficiaries, unless otherwise stated:

1. "Child" includes an adopted or posthumous child;

2. "Provision for issue" means that if a Beneficiary does not survive the Insured, the share of the Policy Proceeds for that Beneficiary will go to his or her living issue by right of representation; and

3. A family relation such as "wife", "husband" or "child" means relation to the Insured.

At the time of payment of benefits, we can rely on an affidavit of any Owner or other responsible person to determine family relations or members of a class.

## 10.  PAYMENT OF POLICY BENEFITS

**Payment**

Unless otherwise requested, we may pay the Policy Proceeds when the Insured dies to the Payee in one sum or by placing the amount in an account that earns interest. The Payee will have immediate access to all or any part of the account. Settlement will be made within two months after receipt of due proof of death. We will pay interest on the proceeds from the date they become payable to the date of payment, if required by law.

On request, all or part of the proceeds payable in one sum at the death of the Insured can be applied to any Payment Option at the choice of the Payee. Further, with our consent, any Payee who is entitled to receive proceeds in one sum when a Payment Option ends, or at the death of a prior Payee, or when the proceeds are withdrawn, can choose to apply the proceeds to a Payment Option.

**Choice of Payment Options; Option Date**

The choice of a Payment Option and the naming of the Payee must be In Writing. You can make, change or revoke the choice before the death of the Insured. The Option Date is the effective date of the Payment Option, as chosen.

When a Payment Option starts, a contract will be issued by us or by an affiliate that will describe the terms of the Option.

**Payee**

A Payee is a person, a corporation, a partnership, a fiduciary or any other legal entity entitled to receive the Policy Proceeds or surrender proceeds in one sum or under a Payment Option.

If the Payee is not a natural person, the choice of a Payment Option will be subject to our approval.  A collateral assignment will modify a prior choice of a Payment Option.  The amount due any assignee will be payable in one sum and the balance will be applied under the Payment Option.

**Life Income Options**

Guaranteed Life Income Options are based on the age of the Payee on the Option Date. We will require proof of age. The Life Income payments will be based on the rates shown in the Life Income Tables; or, if they are greater, our Payment Option rates on the Option Date. If the rates at a given age are the same for different periods certain, the longest period certain will be deemed to have been chosen.

**Death of Payee**

Amounts to be paid after the death of a Payee under a Payment Option will be paid as due to the successor Payee. If there is no successor Payee, amounts will be paid in one sum to the estate of the last Payee to die. If a Payee under a Life Income Option dies within 30 days after the Option Date, the amount applied to the Option, less any payments made, will be paid in one sum, unless a Payment Option is chosen.

**Limitations**

If installments under an Option would be less than $50, proceeds can be applied to a Payment Option only with our consent.

## 11. PAYMENT OPTIONS

| | |
|---|---|
| **Single Life Income** | Monthly payments will be made during the lifetime of the Payee. |
| **Single Life Income – 10 Year Guaranteed Payment Period** | Monthly payments will be made during the lifetime of the Payee with a guaranteed payment period of 10 years. |
| **Joint and Survivor Life Income** | Monthly payments will be made: |

1.　While either of two Payees is living, called "Joint and Survivor Life Income", or

2.　While either of two Payees is living, but for at least 10 years, called "Joint and Survivor Life Income, 10 Years Certain".

| | |
|---|---|
| **Other Frequencies and Options** | Other Payment Options and payment frequencies may be arranged with us. |

## 12. LIFE INCOME TABLES

**Minimum Payments under Payment Options**

Monthly payments for each $1,000 applied will not be less than the amounts shown in the following Tables. On request, we will provide additional information about amounts of minimum payments. The amounts shown below are based on an interest rate of ½% a year and the 2000 Annuity Mortality Table.

**Single Life Income**

| Payee's Age | Life Income | | 10 Year Guaranteed Payment Period | |
|---|---|---|---|---|
| | Male | Female | Male | Female |
| 50 | $2.32 | $2.15 | $2.32 | $2.15 |
| 55 | 2.60 | 2.39 | 2.59 | 2.38 |
| 60 | 2.96 | 2.69 | 2.93 | 2.68 |
| 65 | 3.41 | 3.08 | 3.36 | 3.06 |
| 70 | 4.02 | 3.60 | 3.92 | 3.55 |
| 75 | 4.86 | 4.31 | 4.63 | 4.20 |
| 80 | 6.01 | 5.33 | 5.47 | 5.03 |
| 85 | 7.62 | 6.82 | 6.39 | 6.04 |
| 90 & over | 9.87 | 9.04 | 7.26 | 7.06 |

**Joint and Survivor Life Income**

| Age of Both Payees | Joint and Survivor | Joint and Survivor, 10 Years Certain |
|---|---|---|
| | One Male and One Female | One Male and One Female |
| 50 | $1.95 | $1.95 |
| 55 | 2.14 | 2.14 |
| 60 | 2.39 | 2.39 |
| 65 | 2.69 | 2.69 |
| 70 | 3.10 | 3.10 |
| 75 | 3.64 | 3.63 |
| 80 | 4.39 | 4.35 |
| 85 | 5.45 | 5.28 |
| 90 & over | 6.96 | 6.37 |

5E-12-10-TX

17

DUPLICATE COPY

**LIFE POLICY**

Participating

20

5E-12-10-TX

RECEIVED

JAN 30 2015

**MetLife**

Policy Number Z-1SD12366

## Application for Life Insurance

**Company** (Check the appropriate ONE.)
The Company indicated in this section is referred to as "**the Company**".

☐ Metropolitan Life Insurance Company    ☐ General American Life Insurance Company
☐ New England Life Insurance Company    ☒ MetLife Insurance Company USA

### SECTION I - About the Proposed Insured

For Additional Insureds please complete the **Additional Insureds Supplement** form.

| First Name | Middle Name | Last Name |
|---|---|---|
| Douglas | T | Schmidt |

| Permanent Address | City | State | Zip |
|---|---|---|---|
| 18723 Penick Rd. | Waller | TX | 77484 |

| Country of Legal Residence | Date of Birth | E-Mail Address |
|---|---|---|
| USA | Redacted | dschmidt@schmidt-industrial.com |

| Primary Phone Number | Alternate Phone Number | Preferred Time to Call | From | To | Sex |
|---|---|---|---|---|---|
| 832-506-9399 | | | 8 ☒AM ☐PM | 5 ☒PM ☐AM | ☒Male ☐Female |

| Place of Birth | Social Security or Tax ID Number | Earned Annual Income | Net Worth |
|---|---|---|---|
| MI | Redacted | 175,000 | 5 MIL |

☒U.S. Driver's License    If not licensed, please indicate other form of ID: ☐ Passport ☐ Government Issued Photo ID

| Issuer of ID | ID Number | Issue Date (if any) | Expiration Date (if any) |
|---|---|---|---|
| TX | 12920134 | 4-27-2012 | 4-7-2018 |

| Name of Employer | Employer City | State | ZIP | Position/Duties |
|---|---|---|---|---|
| Schmidt Industrial | Waller | TX | 77484 | Owner |

**NON U.S. CITIZENS ONLY** - Country of Citizenship | Green Card/Visa Type | Expiration Date

Country of Permanent Residence | ID Number | Years in the U.S.

### SECTION II - About the Owner    ⚠ Complete **ONLY** if the Owner is **NOT** the Proposed Insured.

☐ **OWNER - TRUST / BUSINESS ENTITY** - Name of Entity | Tax ID Number | Trustee / Owner State

☐Trust ☐Business Entity ☐Charity ☐Qualified Pension Plan    ☒ Complete the appropriate **required** form(s).

☒ **OWNER - OTHER INDIVIDUAL**

| First Name | Middle Name | Last Name |
|---|---|---|
| Steven | C | Stone |

| Permanent Address | City | State | Zip |
|---|---|---|---|
| 6908 Lancaster Dr. | Orange | TX | 77632 |

| Country of Legal Residence | Citizenship | Social Security or Tax ID Number | Date of Birth | Phone Number |
|---|---|---|---|---|
| USA | USA | Redacted | Redacted | 832-506-9409 |

| E-Mail Address | Earned Annual Income | Net Worth | Relationship to Proposed Insured |
|---|---|---|---|
| Sstone@schmidt-industrial | 150,000 | 1,000,000 | Employee |

Please indicate form of ID: ☒U.S. Driver's License    ☐Passport    ☐Government Issued Photo ID

| Issuer of ID | ID Number | Issue Date (if any) | Expiration Date (if any) |
|---|---|---|---|
| TX | 37214488 | 12 3-14 | 6-23-19 |

☐Check if ownership should revert to Insured upon Owner and Contingent Owner's deaths.

## SECTION III - About the Beneficiary / Beneficiaries
For additional Beneficiaries, use Section IX - Additional Information.

☐ Check here if the Owner is the Primary Beneficiary.
For Primary or Contingent Beneficiaries who are NOT the Owner, complete the table below.

| Beneficiary Type | Name (First, Middle, Last) | Date of Birth | Relationship to Proposed Insured | Social Security Number (Optional) | Percentage of Proceeds (if not equal) |
|---|---|---|---|---|---|
| Primary | LORRETTA Schmidt | Redacted | Spouse | Redacted | 100 |
| ☐ Primary ☐ Contingent | | | | | |
| ☐ Primary ☐ Contingent | | | | | |

☐ Check here to include all living and future natural or adopted children of the Proposed Insured as Contingent Beneficiaries. (Name all living children above.)

📄 If a Custodian is acting on behalf of a minor Beneficiary listed above, please use **Co-Owner/Contingent Owner and UTMA Designations Supplement** form.

⚠ Federal law states that if someone with special needs has assets over $2,000, they may lose eligibility for government benefits.

## SECTION IV - About Proposed Coverage
Check the desired coverage(s).

| ☐ Universal Life | ☐ Variable Life 📄 | ☒ Whole Life | ☐ Term Life |
|---|---|---|---|

| Product Name _____ | Product Name Promise WL | Product Name _____ |
|---|---|---|
| Face Amount* _____ | Face Amount* 2,000,000 | Face Amount* _____ |
| Riders and Details _____ | Riders and Details _____ | Riders and Details _____ |

☐ Coverage Continuation (UL only)

Disability Waiver:
☐ Specified Premium _____
☐ Monthly Deduction (VUL only)
Death Benefit Option _____
Definition of Life Insurance:
☐ Guideline Premium Test
☐ Cash Value Accumulation Test

Planned Premium
Year 1 _____
Years 2 to _____
Years ___ to ___ _____ (UL only)

☐ Disability Waiver
Dividend Options:
☐ Paid-Up Additions
☐ Other, please specify: _____

☐ Automatic Premium Loan Requested

Disability Waiver:
☐ Convertible      ☐ Non-Convertible

ⓘ For a full list of riders and options, please consult with your Producer.
**Note:** Some riders may require supplement forms to be completed.

📄 For Variable Life products, please complete the **Variable Life Supplement** form.
\* If Face Amount is equal to or exceeds $1,000,000, please complete the **Personal Financial Information** form.

**ADDITIONAL OPTIONS**
One Time (Single) Payment Amount _____      1035 Exchange Amount _____      Requested Policy Date _____      ☐ Save Age

**POLICY OPTIONS**
☐ Alternate Policy: Product, Face Amount and Details _____
☐ Additional Policy: Product, Face Amount and Details _____
☐ Group Conversion Only
☐ Group Conversion Alternative  } 📄 Please complete the **Group Conversion Supplement** form for either choice.

## SECTION V - About Existing or Applied for Insurance

Does the Proposed Insured or Owner have any existing or applied for life insurance or annuities with this or any other company?

Proposed Insured ☒Yes ☐No
Owner ☒Yes ☐No

If **YES**, please provide details of any existing or applied for **Life** Insurance on the **Proposed Insured** only.

| Company | Amount of Insurance | Year of Issue | Status |
|---|---|---|---|
| MetLife | 2,000,000 | | ☐Existing ☒Applied For |
| | | | ☐Existing ☐Applied For |
| | | | ☐Existing ☐Applied For |
| | | | ☐Existing ☐Applied For |

In connection with this application, has there been, or will there be with this or any other company any: surrender transaction; loan; withdrawal; lapse; reduction or redirection of premium/consideration; or change transaction (except conversions) involving an annuity or other life insurance?   ☐Yes ☒No

📄 If **YES**, complete **Replacement Questionnaire** AND any other state required replacement forms or 1035 exchange forms.

---

**If Proposed Insured is financially dependent on another individual, indicate individual providing support:**

☐Spouse   ☐Child   ☐Parent   ☐Other _____
Amount of insurance on individual providing support.   Existing Insurance _____   Insurance Applied For _____
If Proposed Insured is a minor, are all siblings equally insured?   ☐Yes   ☐No
If **NO**, please provide details: _____

---

## SECTION VI - About Payment Information

**PREMIUM PAYOR**
☐Proposed Insured   ☐Owner (If NOT the Proposed Insured.)   ☒Other (Complete the box below.)

| Other Premium Payor Name<br>Schmidt Industrial Control. | Social Security or Tax ID Number <span style="color:red">Redacted</span> | Relationship to Proposed Insured or Owner<br>Self |
|---|---|---|

Reason this Person is the Payor
Business Succession Plan

| Permanent Address<br>18723 Penick Rd. | City<br>Waller | State<br>TX | Zip<br>77484 |
|---|---|---|---|

**PAYMENT MODE**
(Check the appropriate ONE.)

Billing Mode: ☒Annual ☐Semi-Annual ☐Quarterly
☐Monthly Draft per Debit Authorization (See next page.)
☐Monthly Draft per Existing Electronic Payment Number _____

Special Account: ☐Government Allotment ☐Salary Deduction ☐List Bill
If Special Account, provide Employer Group Number (EGN) or List Bill Number _____

**INITIAL PAYMENT**
Amount Collected with Application
80,650 ⁰⁰

Method of Collection:

☐Initial Premium by Electronic Funds Transfer (Must be at least a monthly amount.)

☒Check (Must be at least 1/12 of an annual premium.)

**SOURCE OF CURRENT AND FUTURE PAYMENTS** (Check ALL that apply.)
☐Earned Income   ☐Mutual Fund/Brokerage Account   ☐Money Market Fund   ☐Savings   ☐Loans
☐Certificate of Deposit   ☐Use of Values in another Life Insurance/Annuity Contract   ☒Other Company

ENB-7-07                                           (11/14) eF

**DEBIT AUTHORIZATION**    ⚠ **Available only if the bank account holder is the Owner and/or Proposed Insured.**

📄 All others please complete the **Electronic Payment (EP) Account Agreement** form.

The undersigned ("I") hereby authorize the Company with whom I am completing this application to initiate debit entries through Metropolitan Life Insurance Company to the deposit account designated below, at the Financial Institution named below, using the Automated Clearing House. I authorize:

   1. Monthly recurring debits; AND

   2. Debits made from time to time, as I authorize.

This authorization is to remain in full force and effect until the Company has received written notification from me of its termination at such time and in such manner as to afford the Company and the Financial Institution a reasonable opportunity to act on it.

Monthly Debit Date:    ☐ Issue Date of the Policy

                 ☐ Debit Date on the _____ of each month

Bank Account Type:    ☐ Checking    ☐ Savings

Bank Routing Number _____    Bank Account Number _____

Name of Financial Institution _____

BANK ROUTING NUMBER    BANK ACCOUNT NUMBER

ⓘ Note: Please attach a voided check or deposit slip to Section IX - Additional Information.
We cannot establish banking services from starter checks, cash management, brokerage, or mutual fund checks. We cannot establish banking services from foreign banks UNLESS the check is being paid in U.S. Dollars through a U.S. correspondent bank (the U.S. correspondent bank name must be on the check).

---

**SECTION VII - General Risk Questions**    Use Section IX - Additional Information if necessary.

1. Within the past three years has the Proposed Insured flown in a plane other than as a passenger on a commercial airline or does he or she have plans for such activity within the next year?    ☐ Yes  ☒ No

   📄 If **YES**, please complete a separate **Aviation Risk Supplement** form for the Proposed Insured.

2. Within the past three years has the Proposed Insured participated in or does he or she plan to participate in **any** of the following?    ☐ Yes  ☒ No
   - Underwater sports - SCUBA diving, skin diving, or similar activities
   - Racing sports - motorcycle, auto, motor boat or similar activities
   - Sky sports - skydiving, hang gliding, parachuting, ballooning or similar activities
   - Rock or mountain climbing or similar activities
   - Bungee jumping or similar activities

   📄 If **YES**, please complete a separate **Avocation Risk Supplement** form for the Proposed Insured.

3. Has the Proposed Insured **traveled** or **resided** outside the U.S. or Canada within the **past two years;** or does he or she plan to **travel** or **reside** outside the U.S or Canada within the **next two years?**    ☒ Yes  ☐ No
   If **YES**, please provide details.

| Past | Future | Duration (weeks) | Cities and Countries | Purpose |
|------|--------|------------------|----------------------|---------|
| ☐ | ☐ | | | |
| ☐ | ☐ | | | |
| ☐ | ☐ | | | |

4. Has the Proposed Insured **EVER** used tobacco or nicotine products in any form (e.g., cigars cigarettes, cigarillos, pipes, chewing tobacco, nicotine patches, or nicotine gum)? If **YES**, please provide details.    ☒ Yes  ☐ No

| Product(s) | Frequency / Amount | Date Last Used |
|------------|--------------------|----|
| Cigarette | one pack a day | 1 | 1 | 13 |

5. Has the Proposed Insured **EVER** had a driver's license suspended or revoked, been convicted of DUI or DWI, or in the last five years had any moving violations?  If **YES**, please provide date(s) and violation(s).  ☐Yes  ☒No

6. Has the Proposed Insured **EVER** had an application for life, disability income or health insurance declined, postponed, rated or modified or required an extra premium? If **YES**, please provide details.  ☐Yes  ☒No

7. In the past 10 years, has the Proposed Insured been convicted of or pled Guilty or No Contest to a felony? If **YES**, list type of felony, state, and date of occurrence.  ☐Yes  ☒No

8. Is the Proposed Insured actively at work performing the usual duties of his or her occupation? If **NO**, please provide details.  ☒Yes  ☐No

## SECTION VIII - Personal Physician

☐Check here if Proposed Insured does not have a personal physician.

Physician Name: DR. DAvid Le

Name of Practice or Clinic:

Street Address: 1221 Farr St.

City: Waller   State: TX   Zip: 77484

Phone Number: 936-372-3646   Date Last Consulted: 9-1-2013   Reason: CK up

Findings/Treatment Given/Medication Prescribed: No problems

## SECTION IX - Additional Information

If more space is needed, attach additional sheet(s).

ENB-7-07

(11/14) eF

## Certification / Agreement / Disclosure

Was a sales illustration provided for the life insurance policy as applied for?  ☒Yes  ☐No
A. If **Yes**, please choose one of the following:

☑ An illustration was signed and **matches the policy applied for**. It is included with this application.

☐ An illustration was shown or provided but is **different from the policy applied for**. An illustration conforming to the policy as issued will be provided no later than at the time of policy delivery.

☐ The sale was made using an illustration with Accelerated Payment.

☐ If illustration was **only shown on a computer screen**, check and complete the details in the box below.

---

An illustration was displayed on a computer screen. The displayed illustration **matches the policy applied for** but no printed copy of the illustration was provided. An illustration conforming to the policy as issued will be provided no later than at the time of policy delivery. The illustration on the screen included the following personal and policy information:

1. Gender (as illustrated)        ☐Male      ☐Female    ☐Unisex

2. Age  _____

3. Rating Class (e.g. Standard Non-smoker)  _____    ☐Non-smoker    ☐Smoker

4. Product Name (e.g. GAUL)  _____

5. Face Amount  _____

6. Dividend Option (Whole Life only)  _____

---

B. If **No**, please choose one of the following:

☐ Producer certifies that a signed illustration is **not required** by law or the policy applied for is not illustrated in this state.

☐ **No illustration conforming to the policy** as applied for was shown or provided prior to or at the time of this application. An illustration conforming to the policy as issued will be provided no later than at the time of policy delivery.

### Agreement / Disclosure

I have read this application for life insurance including any amendments and supplements and to the best of my knowledge and belief, all statements are true and complete. I also agree that:

- My statements in this application and any amendment(s), paramedical/medical exam and supplement(s) are the basis of any policy issued.
- This application and any amendment(s), paramedical/medical exam, and supplement(s) to this application will be attached to and become part of the new policy.
- No information will be deemed to have been given to the Company unless it is stated in this application, paramedical/medical exam, amendment(s), or any supplement(s).
- Only the Company's President, Vice-President or Secretary may: (a) make or change any contract of insurance; (b) make a binding promise about insurance; or (c) change or waive any term of an application, receipt, or policy.
- Except as stated in the Temporary Insurance Agreement and Receipt, no insurance will take effect until a policy is delivered to the Owner and the full first premium due is paid. It will only take effect at the time it is delivered if: (a) the condition of health of each person to be insured is the same as stated in the application; and (b) no person to be insured has received any medical advice or treatment from a medical practitioner since the date of the application.
- If I have requested a rider that provides an acceleration of death benefit, I have received the appropriate disclosure form.
- I understand that paying my insurance premiums more frequently than annually may result in a higher yearly out-of-pocket cost or different cash values.
- **If I intend to replace existing insurance or annuities, I have so indicated in the appropriate section of the application.**
- **I have received the Company's Privacy Notice and the Life Insurance Buyer's Guide.**
- **If I was required to sign a Notice and Consent for HIV Testing, I have received a copy of that Notice.**

## Fraud Warnings

**Arkansas, Kentucky, Louisiana, New Mexico, Ohio, Oklahoma, Rhode Island**
Any person who knowingly and with intent to defraud any insurance company or any other person files an application for insurance or statement of claim containing any materially false information, or conceals for the purpose of misleading information concerning any fact material thereto, commits a fraudulent insurance act which is a crime and subjects such person to criminal and civil penalties.

**District of Columbia, Tennessee, Virginia, Washington**
It is a crime to knowingly provide false, incomplete, or misleading information to an insurance company for the purpose of defrauding the company. Penalties may include imprisonment, fines, or denial of insurance benefits.

## Taxpayer Identification Number Certification

Under penalties of perjury, I, the Owner, certify that:
- The number shown in this application is my correct taxpayer identification number, and I am not subject to backup withholding because:
  (a) I have not been notified by the IRS that I am subject to backup withholding as a result of a failure to report all interest or dividends; **or**
  (b) the IRS has notified me that I am not subject to backup withholding.
  *(If you have been notified by the IRS that you are currently subject to backup withholding because of under reporting interest or dividends on your tax return, you must cross out and initial this item.)*
- I am a U.S. citizen or a U.S. resident alien for tax purposes.
*(If you are not a U.S. citizen or a U.S. resident alien for tax purposes, please cross out this certification and complete form W-8BEN).*

  ① **Please note:** The Internal Revenue Service does not require your consent to any provision of this document other than the certifications required to avoid backup withholding.

## Signatures    If not witnessing all signatures, witness should initial next to signature being witnessed and sign below.

| Signature(s) of all Proposed Insured(s) | Date | Signed at City, State |
|---|---|---|
| | 1/27/15 | Waller  TX |
| | | |

(age 15 or over)
2ᵖ Please complete the **Additional Insureds Supplement** or **Child Rider Supplement** form(s) if applicable.

| Signature(s) of all Owner(s) (if **NOT** the Proposed Insured.) | Date | Signed at City, State |
|---|---|---|
| | 1/27/15 | Waller  TX |
| David J. | 1/27/15 | Waller  TX |
| Brian Plant | 1/27/15 | Waller  TX |

(age 15 or over)
① If the Owner is a firm or corporation, include Officer's title with signature.
☞ If Co-Owner or Custodian, please complete the **Co-Owner/Contingent Owner and UTMA Designations Supplement** form.

| Signature of Parent or Guardian | Date | Signed at City, State |
|---|---|---|
| | | |

(If Owner or Proposed Insured is under 18, sign here.  If not sign above.)

**Witness to Signatures**

| Licensed Producer | Print Name of Producer |
|---|---|
| | Debbie Morris |

ENB-7 07
(11/14)  eF